United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20358
(Summary Calendar)
_____

IN THE MATTER OF:  ROBERT W. MOERS,

                                                      Debtor

- - - - - - - - - -

ROBERT W. MOERS,

                                                      Appellant

versus

NANCY PREMAZON,

                                                      Appellee

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:05-CV-2107)
---------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

Debtor-Appellant Robert W. Moers seeks reversal of the

Bankruptcy Court's summary judgment in an adversary proceeding

brought by his ex-wife, Appellee Nancy Premazon, in which she

sought non-discharge of the Debtor's state court judgment debt to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Premazon for attorneys' fees incurred and awarded in connection with these parties' child custody disputes.  Moers contends on appeal that the Bankruptcy Court erred (and thus too the district court sitting in appeal by affirming the Bankruptcy Court) in ruling that — irrespective of the classification for purposes of Texas law by the family court and the state appellate court regarding the nature of these attorneys' fees — under federal bankruptcy law, the entire amount of the attorneys' fees for which Moers is indebted by judgment to Premazon is non-dischargeable.

Both parties submitted to this court that, given the essentially undisputed facts and the entirely legal nature of the issue presented by this appeal, oral argument would not aid in our disposition of the case.  We agree.  Having now carefully reviewed the briefs of the parties and the record on appeal, including, without limitation, the exhaustive explication of the case by the Bankruptcy Court in its Memorandum of Decision dated April 1, 2004, we are convinced — as was the district court — that the Bankruptcy Court ruled correctly when it granted partial summary judgment that $120,000 in attorneys' fees, plus interest, owed by Moers to Premazon is non-dischargeable, subject to any offset Moers may establish, and denying Premazon's $45,000 conditional award of attorneys' fees; at the same time denying Moers's motion for summary judgment.  Accordingly, for the reasons set forth in the Bankruptcy Court's Memorandum of Decision, that court's partial summary judgment is, in all respects,

2

AFFIRMED.